IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JARED BENJAMIN BAILEY,

    Petitioner,

v.                                                                                    Civil Action No. 3:18cv52

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## MEMORANDUM OPINION

Petitioner Jared Benjamin Bailey, a Virginia state inmate, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "§ 2254 Petition").[1] (ECF No. 1.) Harold W. Clarke, Director of the Virginia Department of Corrections, filed a Motion to Dismiss and Rule 5 Answer (the "Motion to Dismiss"), and Bailey responded. (ECF Nos. 6, 9.) Accordingly, the matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will grant the Motion to Dismiss.

---

[1] Section 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

# I. Factual and Procedural Background

## A. Factual Background

The Virginia Court of Appeals summarized the facts underlying the judgment that Bailey now challenges:

> On the afternoon of March 18, 2011, Ron James, a computer software consultant from Atlanta, was beaten and robbed in Richmond of $37,000 in cash. Police identified [Bailey] as one of the perpetrators.
>
> At [Bailey's] trial, the Commonwealth [of Virginia (the "Commonwealth")]'s theory of the case was that James's former girlfriend, Remia McPherson, conspired with [Bailey] and a second man, Jamal Wiggins, to rob James. The Commonwealth's evidence showed that James had been conducting computer software training in Virginia for several months prior to the robbery and had year-to-date earnings from that job of approximately $58,000. Because James's bank was in Georgia, he often cashed his paychecks in Virginia and routinely carried at least one paycheck's worth of cash with him in a small vinyl bag. While James was dating McPherson, she had seen him retrieve money from this bag as needed. In the minutes before the robbery, James had arrived at the address where McPherson had directed him to pick her up. However, instead of finding McPherson there, James was confronted by [Bailey] and Wiggins, who obviously knew about the bag of cash he carried. After James gave them his watch and necklace, [Bailey] asked, "Where's the money?" When James said he had no money and offered them his laptop, [Bailey] said, "Nah, that's not it. I want the money." When [James] opened the trunk to give them his laptop, they immediately recognized and seized the vinyl bag. Additional evidence, including cell phone records, proved that McPherson, James's former girlfriend, had communicated with [Bailey] and Wiggins on several occasions immediately before and leading up to the robbery. According to text messages exchanged by [Bailey] and Wiggins, [Bailey] texted, "I need this $ $ $ $" and "we are not going to need [guns] for this one, it's a simple tank." When [Bailey] was arrested, he was wearing James's watch.
>
> . . . [Bailey's] theory of the case, which defense counsel undertook to develop through the testimony of Shannon Dougherty, [Bailey's] girlfriend, was that he had met with James to sell him drugs. When James had tried to take the drugs without paying, [Bailey] had merely taken the money he was due for the drugs.

*Bailey v. Virginia*, 749 S.E.2d 544, 545–46 (Va. Ct. App. 2013).

### B. Procedural History[2]

On April 5, 2011, the Commonwealth returned an indictment against Bailey for his alleged involvement in the crimes committed on March 18, 2011. (App. 1.) Bailey pleaded not guilty to malicious wounding, conspiracy to commit robbery, and two counts of using a firearm in the commission of a felony, and proceeded to a jury trial. On November 15, 2011, a jury convicted Bailey of all counts. On February 28, 2012, the Circuit Court for the City of Richmond (the "Richmond Circuit Court") sentenced Bailey to twenty-four years' imprisonment.[3]

#### 1. Bailey's Direct Appeals

Bailey appealed his convictions to the Court of Appeals of Virginia (the "Court of Appeals") arguing that the evidence at trial was insufficient to support his conviction, and that the Richmond Circuit Court erred in excluding portions of a defense witness's testimony.[4] On

---

[2] This procedural history summarizes the events leading up to the § 2254 Petition, as set forth by the Virginia Court of Appeals in *Bailey v. Virginia*, 749 S.E.2d at 545–46, the State Habeas Court for the City of Richmond in *Bailey v. Clarke*, No. CL15-1603-8, slip op. (Va. Cir. Ct. Apr. 18, 2017), and the Supreme Court of Virginia in an unpublished order, *Bailey v. Virginia*, No. 131888 (Va. Apr. 18, 2014).

[3] The twenty-four-year sentence consisted of: (1) five years for robbery; (2) ten years for malicious wounding; (3) one year for conspiracy to commit robbery; (4) three years for using a firearm while committing a robbery; and, (5) five years for using a firearm in the commission of malicious wounding. (Sent'g Order 23–24, ECF No. 8-6.) Although the jury had sentenced Bailey to two years for the conviction of conspiracy to commit robbery, the Richmond Circuit Court erred in instructing the jury by stating the minimum time was two years, rather than one year (or less than one year), with a fine. At sentencing, the Richmond Circuit Court granted Bailey's motion to reduce the sentence on that charge to one year. (*Id.*)

[4] At trial, Bailey sought to offer testimony from Shannon Dougherty, James's girlfriend, to state that Bailey and James met to sell drugs. (Trial Tr. 356–61, ECF No. 8-6.) Dougherty's testimony, if believed, would have directly supported Bailey's theory of the case. (*Id.* at 379–82.) The Richmond Circuit Court sustained the Commonwealth's hearsay objection, and excluded aspects of Dougherty's proposed testimony, finding that her testimony was not reliable so as to satisfy the penal interest hearsay exception. (*Id.* at 388–89.)

3

November 5, 2013, the Court of Appeals affirmed Bailey's conviction on November 5, 2013. *Bailey v. Virginia*, 749 S.E.2d at 550. The Supreme Court of Virginia denied Bailey's appeal of the Court of Appeals' affirmance in an unpublished order. *Bailey v. Virginia*, No. 131888 (Va. Apr. 18, 2014).

### 2. Bailey's State Habeas Petition

On April 20, 2015, Bailey filed a petition for a writ of habeas corpus pursuant to Virginia Code § 8.01-654[5] (the "State Habeas Petition") in the Richmond Circuit Court (the "State Habeas Court"). In the State Habeas Petition, Bailey argued that his trial counsel[6] provided ineffective assistance for three reasons. Bailey asserted that two of those reasons contributed to his decision to proceed to trial rather than accept an offered plea deal for eighteen years' imprisonment.[7] (State Habeas Pet. 18, ECF No. 8-4.)

---

Bailey argued on direct appeal that Dougherty's proposed testimony was admissible under a hearsay exception that required declarant unavailability to testify at trial. *Bailey v. Virginia*, 749 S.E.2d at 545–46. Because Bailey had invoked his Fifth Amendment right and did not testify at his trial, he argued that this invocation rendered him unavailable for purposes of Dougherty's testimony. (Trial Tr. 362–63.) The Court of Appeals rejected Bailey's argument, ruling that a Fifth Amendment invocation does not make a defendant unavailable for the purposes of the penal interest exception to the hearsay rule. *Bailey v. Virginia*, 749 S.E.2d at 550.

[5] Section 8.01-654 provides the procedural vehicle for bringing a petition for habeas corpus in a Virginia court: "The writ of habeas corpus ad subjiciendum shall be granted forthwith by the Supreme Court or any circuit court, to any person who shall apply for the same by petition, showing by affidavits or other evidence probable cause to believe that he is detained without lawful authority." Va. Code § 8.01-654(A)(1).

[6] Stacey Davenport and Katherine Poindexter represented Bailey at trial. (Davenport Aff. 36, ECF No. 8-6.) Bailey does not challenge the actions of either Davenport or Poindexter individually, but relies generally on claims of ineffective trial counsel assistance. The Court will refer to Davenport and Poindexter collectively as "trial counsel."

[7] Bailey also asserted in the State Habeas Petition that his counsel provided ineffective assistance by failing to seek a reduction in his sentence for conspiracy to commit robbery to zero years. (State Habeas Pet. 26, ECF No. 8-4.) Bailey does not pursue this ground for relief here.

4

In the State Habeas Petition, Bailey first alleged that his trial counsel had failed to "explain the significance of the overwhelming evidence proving his guilt." (State Habeas Pet. 18.) Second, Bailey asserted that his trial counsel did not provide complete advice on the "pros and cons of accepting the plea offer versus the pros and cons of going to trial," and failed to explain "how the sentencing by a jury worked (especially when compared to sentencing if [Bailey] had accepted the [plea] offer)." (*Id.*) Regarding his first two assignments of ineffective assistance, Bailey argued that:

> [i]f counsel had explained to [him] the significance of the evidence against him, the virtual certainty of being convicted of all the charges, and the stacking of sentences following a jury trial, etcetera [sic], [Bailey] would have accepted the plea offer[,] which would have been a better result by at least a period of [six fewer] years to serve.

(*Id.*) Bailey also sought an evidentiary hearing in the State Habeas Petition, contending it was necessary in order "to resolve the factual disputes and to provide [him] the opportunity to prove the stated grounds for habeas relief." (*Id.* at 28 (citing *United States v. Marcum*, 16 F.3d 559, 603 n.4 (4th Cir. 1994).)

Clarke moved to dismiss the State Habeas Petition. Clarke attached affidavits from both Davenport and the Commonwealth Attorney at trial, who stated the outcome of the case against Bailey was not a forgone conclusion. (Davenport Aff 36–37; Miller Aff. 39, ECF No. 8-6.) The State Habeas Court held a motion hearing, but denied Bailey's request for an evidentiary hearing. After the motion hearing, the State Habeas Court denied the State Habeas Petition. *Bailey v. Clarke*, No. CL15-1603-8, slip op. at 14.

Bailey appealed the State Habeas Court's ruling to the Supreme Court of Virginia. (Pet. Appeal 2, ECF No. 8-7.) On October 27, 2017, the Supreme Court of Virginia refused Bailey's petition for appeal, stating the State Habeas Court's ruling presented no reversible error. (Denial 1, ECF No. 8-7.)

5

On January 22, 2018, Bailey filed the § 2254 Petition in this Court. Bailey argues the State Habeas Court's decision relied on an unreasonable application of federal law. Bailey asks the Court to return this case to the State Habeas Court with instructions to vacate his convictions and require the prosecution to make a plea offer for eighteen years.

## II. Applicable Constraints Upon Habeas Review

To obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") further circumscribes this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or,

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

*See* 28 U.S.C. § 2254(d).

A decision is "contrary to" clearly established law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002) (*citing Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). A decision is an "unreasonable application" of Supreme Court law "if the state court correctly

identifies the governing legal principle . . . but unreasonably applies it to the facts of the particular case." *Id.* at 694 (*citing Williams*, 529 U.S. at 407–08). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410).

### III. Analysis

Bailey presents to the Court both arguments he raised in his State Habeas Petition regarding this trial counsel's alleged ineffective assistance of counsel during the plea process.[8] Bailey first contends that his trial counsel failed to explain the weight and significance of the evidence against him. Second, Bailey asserts that trial counsel did not explain the pros and cons of pleading guilty. Bailey argues that either of these failures amounts to ineffective assistance. Clarke counters that the evidence against him was not as weighty as Bailey now contends: Bailey had sufficient evidence to set forth a plausible defense, and the evidence for the state was not as "overwhelming" as Bailey suggests. Clarke also argues that the evidence before the State Habeas Court showed that trial counsel reviewed evidence with Bailey, and Bailey himself decided to plead not guilty and proceed to jury trial.

The Court finds that the State Habeas Court's decision did not involve an unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Because Bailey's trial counsel did not provide ineffective assistance as Bailey contends, the Court will grant Clarke's Motion to Dismiss, and dismiss the Petition.

---

[8] Bailey does not bring his third claim of error listed in his State Habeas Petition, which asserted that trial counsel failed to provide effective assistance by not seeking a reduction in Bailey's sentence for conspiracy to commit robbery to zero years.

7

## A. Applicable Law for Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to demonstrate the ineffective assistance of counsel, a defendant first must show that counsel's representation was deficient and, then, must establish that the deficient performance prejudiced the defense. To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (*quoting Strickland*, 466 U.S. at 689). Prejudice requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to "determine whether counsel's performance was deficient before examining the prejudice" issue. *Id.* at 697.

## B. Effective Assistance of Counsel During Plea Negotiations

"During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Bailey's assertions of ineffective assistance of counsel during the plea negotiation process fall into two possible categories. First, a defense attorney's inaccurate advice or misinformation in conveying a plea offer may constitute deficient assistance. *United States v. Brannon*, 48 F. App'x 51, 53 (4th Cir. 2002) (per curiam) (citing *Paters v. United States*, 159 F.3d 1043, 1047–48 (7th Cir. 1998)); *see United States v. Merritt*, 102 F. App'x 303, 307–08 (4th Cir. 2004)); *Wolford v. United States*, 722 F. Supp. 2d 664, 688 (E.D. Va. 2010) (concluding that counsel was deficient when counsel "misled [the petitioner]

8

into believing that she had some possibility of prevailing at trial on the basis of several non-viable defenses"). Second, incomplete advice in conveying a plea also may provide a basis for a claim of ineffective assistance of counsel. *See Wolford*, 722 F. Supp. 2d at 689 (concluding that "counsel's incorrect and incomplete legal advice to [the petitioner] during the plea negotiation process was objectively unreasonable" (citing *Strickland*, 466 U.S. at 688)); *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992) ("[A] defendant has the right to make a reasonably informed decision whether to accept a plea offer." (citing *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985); *Von Moltke v. Gillies*, 332 U.S. 708, 721 (1948))).

Bailey first contends that his trial counsel gave incomplete advice because they did not inform him that he had "no realistic chance" of success at trial, and further failed to fully discuss with him the pros and cons of pleading and proceeding to trial. (§ 2254 Petition 18.) Bailey presented this argument to the State Habeas Court, which found that it lacked merit. That decision did not involve an unreasonable application of the law or an unreasonable determination of the facts, and the record before the Court supports that court's determination.

### 1. The Strength of the Evidence Against Bailey

Bailey argues that his trial counsel did not inform him of the strength of the evidence against him, pointing specifically to six pieces of evidence the prosecution used in the trial. He also asserts counsel did not inform him of the supposed "practically non-existent" support for his theory of the case—that the event Bailey took part in was a failed drug deal, not a robbery. (§ 2254 Petition 20.) The Court will analyze each of Bailey's arguments in turn.

#### a. The Six Pieces of Evidence

First, Bailey argues trial counsel did not explain the significance of James's positive identification of Bailey. The State Habeas Court rightly determined, however, that because

9

Bailey admitted to being present at the scene with James, a positive identification was not significant. *Bailey v. Clarke*, No. CL15-1603-8, slip op. at 8.

Second, Bailey contends trial counsel did not explain the significance of the content and frequency of text messages between Bailey and his co-defendant Wiggins[9] before the incident. The State Habeas Court appropriately found that Bailey was clearly aware of the texts and communications between Wiggins, McPherson, and himself. *Id.* The State Habeas Court further ruled that Bailey's trial counsel argued to the jury that the contents of these communications supported Bailey's defense: that Bailey and the other parties were planning a drug and gun transaction, and not a robbery. *Id.*

Third, Bailey points to cell tower information that defeated Bailey's initial alibi, via which he claimed to be in Virginia Beach at the time of the robbery. The State Habeas Court, noting that Bailey did not pursue an alibi defense at trial, correctly identified that his trial strategy specifically involved *admitting* that he was at the scene of the incident. *Id.* Based on this, the State Habeas Court suitably ruled that the identified evidence had little significance. *Id.*

Fourth, Bailey indicates that the match between his firearm and one used in the crime should have suggested that he plead guilty. The State Habeas Court correctly determined the identification of the gun Bailey used to beat James made little difference, because it was identified only by color, and was never tested for DNA. *Id.*

Fifth, Bailey identifies the positive match between the watch he was wearing when arrested and the one taken from James during the robbery as something trial counsel should have emphasized to him. Bailey, however, offered expert testimony at trial that the watch was not designed just for James in Atlanta, as James claimed, but was mass-produced in Japan. *Id.* At

---

[9] Jamal Wiggins and Bailey were charged for the incident together. Wiggins pled guilty to an agreed sentence of twelve years in prison.

10

trial, Bailey argued, that his watch may not have been the watch taken from James. (Trial Tr. 473.) On that basis, the State Habeas Court reasonably concluded that "it was not significant that the defendant was arrested wearing a watch similar to the one worn by the victim." *Bailey v. Clarke*, No. CL15-1603-8, slip op. at 8.

Bailey's claim that trial counsel should have informed him that the evidence against him was overwhelming lacks merit. Bailey's arguments demonstrate the degree to which the evidence against him was not overwhelming, and how trial counsel used that evidence strategically, albeit without a favorable outcome for Bailey. The Court therefore finds that the State Habeas Court's decision did not involve an unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

### b. The Evidence Supporting Bailey's Defense

Bailey further argues the evidence supporting his defense was "practically non-existent." The State Habeas Court found to the contrary. *Bailey v. Clarke*, No. CL15-1603-8, slip op. at 8. At the time of the robbery, which Bailey argued was a drug deal, James had $37,000 in cash, multiple cell phones, and shotgun shells in his vehicle. *Id.* at 7. The Commonwealth's Attorney who tried the case "never considered the verdict a foregone conclusion," and stated "the defense very capably argued that [James's] testimony was, at least in part, incredible." (Miller Aff. 39, ECF No. 8-6.)

Furthermore, Bailey appears to have known about this evidence in deciding whether to plead guilty. In an affidavit offered to the State Habeas Court, Stacey Davenport, one of Bailey's trial lawyers, affirmed that she reviewed exhibits with Bailey in jail multiple times, and Bailey himself consistently decided to reject the prosecution's plea offer. (Davenport Aff. 39.) After examining the evidence, Bailey suggested he would be willing to accept a plea of fifteen

years, but not the offered eighteen. (*Id.*) The Commonwealth, however, never offered any plea agreement for fewer than eighteen years. (Miller Aff. 39.)

To rebut this evidence, Bailey presented to the State Habeas Court only his own allegation that he would have accepted the offered plea deal of eighteen years if trial counsel advised him differently about the strength of his case. Based on the evidence before it, the State Habeas Court concluded:

> [E]ven assuming Bailey had not known any of the information alleged in the petition, none of this evidence significantly undermined Bailey's own version of events or the theory of defense put forward by trial counsel. Bailey's self-serving allegation that he would have taken the plea agreement had he known these facts is not credible. . . . [T]rial counsel's performance could not have been deficient for failing to share this information with [Bailey]."

*Bailey v. Clarke*, No. CL15-1603-8, slip op. at 9.

The Court finds that the State Habeas Court's decision did not involve an unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Bailey's allegations, rather than showing the strength of the evidence against him, have shown his trial counsel's strategic work to selectively admit, co-opt, or cast doubt on evidence used against Bailey.

Bailey's argument of ineffective assistance also relies improperly on hindsight and an ultimate conviction after trial. *See Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (stating that a court ruling on a habeas petition "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis" (citing *Strickland*, 466 U.S. at 688–89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991)). Nothing Bailey put before the State Habeas Court, and nothing he puts before this Court, overcomes the "'strong presumption' that counsel's conduct falls within the wide range of

reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell*, 535 U.S. at 702.

Moreover, even if his trial counsel had performed deficiently, Bailey fails to demonstrate any prejudice resulting from counsel's advice. In a similar case, the United States Court of Appeals for the Fourth Circuit has found such a "self serving assertion that he would have accepted the plea [to be], as both the state and federal courts recognized, 'the type of testimony . . . subject to heavy skepticism.'" *Merzbacher v. Shearn*, 706 F.3d 356, 367 (4th Cir. 2013) (quoting *Day*, 969 F.2d at 46 n.9). Bailey does not present to this Court, nor did he offer to the State Habeas Court, any sworn testimony. Instead, he relies only on arguments stated in his petition. Nothing Bailey presents diminishes the skepticism with which courts view self-serving assertions such as the one Bailey places before this Court. The evidence for the defense at trial does nothing to diminish this skepticism.

This Court finds that the State Habeas Court's decision did not involve an unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Because Bailey fails to demonstrate entitlement to federal habeas relief on his first claim, his first claim will be dismissed.

### 2. The Benefits to Pleading Guilty

Second, Bailey contends that trial counsel never informed him of the pros and cons of pleading guilty. Bailey did not submit any evidence to the State Habeas Court in support of this argument, and that court therefore had little evidence to consider for either the prejudice or performance prongs of this contention. However, the State Habeas Court found that Bailey's lack of comment at sentencing with respect to the length of his sentence and his lack of objection

to having the same counsel represent him on appeal diminished his credibility on this matter. *Bailey v. Clarke*, No. CL15-1603-8, slip op. at 10–11.

Bailey's contention also directly conflicts with an affidavit submitted by his lead trial counsel. (*See* Davenport Aff. 36–37.) Bailey's statement, by itself, cannot overcome the "strong presumption" that counsel's conduct was reasonable, *Bell*, 535 U.S. at 702, and his statement carries even less weight when it conflicts with a sworn affidavit.[10] In light of the lack of evidence for Bailey's assertion, the State Habeas Court's determination of the facts and application of the law were not unreasonable.

In this Court, Bailey presents no other evidence to support the prejudice prong of this contention. He merely makes this assertion in light of the fact that he was actually sentenced to twenty-four years instead of the eighteen years offered by the prosecution. This alone cannot demonstrate prejudice. *See Day*, 969 F.2d at 46 n.9 ("[C]ourts should be wary of this sort of claim because defendants will always want the best of both worlds: the chance at acquittal at trial, yet the chance to plead guilty if the trial defense fails.").

This Court finds that the State Habeas Court's decision did not involve an unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Because Bailey fails to demonstrate entitlement to federal habeas relief on his second claim, his second claim will be dismissed.

---

[10] Bailey claims that an evidentiary hearing in the State Habeas Court was necessary to address the credibility of his second claim. This argument fails on two grounds. First, in support of this contention, Bailey cites a statute providing for an evidentiary hearing in *federal* court. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.") However, Bailey seeks an evidentiary hearing in *state* court. (*See* § 2254 Petition at 24–25.) Second, Bailey brings this claim pursuant to 28 U.S.C. § 2254. The provision for a hearing in § 2255 that Bailey cites has no equivalent in § 2254, and therefore does not apply here. *Compare* 28 U.S.C. § 2255(b), *with* 28 U.S.C. § 2254.

## IV. Conclusion

For the reasons stated above, the Court will grant Clarke's Motion to Dismiss. The Court will dismiss Bailey's Petition. An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 8/14/18
Richmond, Virginia